## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re: Kyle Patrick Nolan,

          Debtor

BKY CASE NO. 09-45146
Chapter 13

---

Julie M. Kelley,

          Plaintiff,

v.

Kyle Patrick Nolan,

          Defendant.

Adv. Proc. No. _____

---

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

---

Plaintiff Julie M. Kelley ("Kelley"), for her complaint against Kyle Patrick Nolan ("Debtor"), states and alleges as follows:

1. Kelley is a resident of the State of Minnesota residing in Madelia, Minnesota.

2. Upon information and belief, Defendant Kyle Patrick Nolan resides at 5924 Upton Avenue South, Minneapolis, Minnesota 55410.

3. The Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on August 4, 2009.

4. This is an adversary proceeding pursuant to 11 U.S.C. §523(a) and is filed under Bankruptcy Rule 7001.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334. Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

### **FACTS**

7. Kelley and Debtor were married on March 16, 2002.

8. Kelley and Debtor have a minor child in common.

9. Debtor received the homestead and the majority of the marital property when the parties separated.

10. The marriage of Kelley and Debtor was dissolved by Judgment and Decree, dated December 31, 2008.

11. Kelley was awarded sole legal and physical custody of minor child.

12. Debtor was ordered to pay Kelley $19,853.00 in the Judgment and Decree dated December 31, 2008.

13. Debtor was ordered to pay Walling, Berg & Debele, Kelley's attorney in the divorce proceeding, $3,000.00 "for conduct-based attorney fees" in the Judgment and Decree dated December 31, 2008.

14. Kelley was required to file a Motion for Contempt to compel Debtor to pay his child support obligations.

15. Debtor was found in "constructive civil contempt of Court for his failure to pay day care and kindergarten fees for the minor child" as directed by the Judgment and Decree entered December 31, 2008.

16. Debtor was sentenced to serve up to 90 days in the Hennepin County Adult Correctional Facility.

17. Execution of sentence was stayed upon Debtor's compliance with the condition that Debtor pay an amount totaling $2,200 for past due fees for extended kindergarten and daycare to Kids Plus and Kid's Place School Age.

18. Debtor has medical insurance expenses for the minor child withheld from his paycheck.

19. Debtor has failed to make any payments towards Kid's Place School Age since he was found in contempt of court.

20. Debtor was ordered on August 29, 2009 to "pay $4,000.00 as and for additional conduct based attorney fees" for unreasonably increasing the length and cost of the proceeding.

21. On August 24, 2009, it was ordered that until the $19,583.00 is paid Plaintiff may "offset funds otherwise due to Mr. Nolan for reimbursement toward the child's expenses pursuant to the Judgment and Decree, against the balance due and owing to her by Mr. Nolan."

22. Plaintiff incurs the majority of expenses related to the minor child.

23. Plaintiff is forced to bring Debtor to Court to receive payment for these expenses.

24. After Debtor filed bankruptcy, Plaintiff received invoices for expenses related to the minor child that she was unaware of because invoices were sent to the Debtor's residence.

25. Plaintiff had to move because she could not continue to support herself and the minor child.

## COUNT 1 - 11 U.S.C. §523 (a)(3)

26. Kelley realleges all preceding paragraphs.

27. Pursuant to 11 U.S.C. §523(a)(3), a discharge... does not discharge an individual debtor from any debt:

    (3) neither listed nor scheduled under section 521(1) of this title...

28. Debtor did not list Walling, Berg & Debele as a creditor.

29. Debtor owes Kelley and Walling, Berg & Debele $7,000.00 in conduct based attorney's fees.

30. Based upon the foregoing, the debt owed to Kelley and Walling, Berg & Debele by the Debtor should be excepted from discharge pursuant to 11 U.S.C. §523(a)(3).

## COUNT 2 - 11 U.S.C. §523 (a)(5)

31. Kelley realleges all preceding paragraphs.

32. Pursuant to 11 U.S.C. §523(a)(5), a discharge... does not discharge an individual debtor from any debt :

    (5) for a domestic support obligation.

33. Pursuant to 11 U.S.C. §101(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
    (A) owed to or recoverable by--
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
  (i) a separation agreement, divorce decree, or property settlement agreement;
  (ii) an order of a court of record; or
  (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

34. The above described debt owed to Plaintiff constitutes a domestic support obligation: (1) the debt is owed to or recoverable by Plaintiff; (2) the debt is in the nature of alimony, maintenance, or support; and (3) established or subject to establishment pre- or post-petition by reason of a separation agreement, divorce decree, property settlement agreement, or court order.

35. The above described amounts owed to Kelley are domestic support obligations:
    A. $19,583.00 is direct support of the minor child. The amount owed to Ms. Kelley is to offset funds otherwise due to Mr. Nolan for reimbursement toward the child's expenses.

    B. $3,000.00 for attorney's fees. Kelley is responsible for the amount due and owing to Walling, Berg & Debele. Kelley's fees were increased by Debtor. Debtor was ordered to pay these fees. Debtor's failure to pay these support obligations forces Kelley to take away funds needed for the health, well-being and support of the minor child of the parties and Kelley.

    C. $4,000.00 for attorney's fees. Kelley is responsible for the amount due and owing to Walling, Berg & Debele. Kelley's fees were increased by Debtor. Debtor was ordered to pay these fees. Debtor's failure to pay these support obligations forces Kelley to take away funds needed for the health, well-being and support of the minor child of the parties and Kelley.

36. Based upon the foregoing, the debt owed to Kelley by the Debtor should be excepted from discharge pursuant to 11 U.S.C. §523(a)(5).

## COUNT 3 - 11 U.S.C. §523 (a)(6)

37. Kelley realleges all preceding paragraphs.

38. Pursuant to 11 U.S.C. §523(a)(6), a discharge... does not discharge an individual debtor from any debt:

    (4) for willful and malicious injury by the debtor to another entity or to the

property of another entity.

39. The above described actions of the Debtor constitute willful and malicious injury by the by the Debtor to another entity or to the property of another entity.

40. Based upon the foregoing, the debt owed to Kelley by the Debtor should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

**WHEREFORE**, Plaintiff prays for the following relief:

1. An order adjudging the debt owed by Defendant to Plaintiff in the sum of $19,853.00, plus accrued interest thereon, to be excepted from discharge under 11 U.S.C. §523 (a)(5) and (a)(6);

2. An order adjudging the debt owed by Defendant to Plaintiff and her attorney in the sum of $7,000.00, plus accrued interest thereon, to be excepted from discharge under 11 U.S.C. §523 (a)(3); (a)(5) and (a)(6);

3. An award to Plaintiff of her attorney fees, costs and disbursements incurred herein; and

4. Granting any other relief the Court deems proper.

Dated: November 2, 2009
*/s/ Bruce N. Crawford*
Bruce N. Crawford, Atty I.D. 154866
Attorney for Plaintiff
5101 Olson Memorial Highway
Suite 1000
Minneapolis, MN 55422
(763) 545-2720
(763) 545-2350 *Facsimile*
BNC@huscglaw.com