UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

KYLE PATRICK NOLAN,                             BKY 09-45146

      Debtor.

JULIE M. KELLEY,                                  ADV 09-4291

      Plaintiff,

  -v.-

KYLE PATRICK NOLAN,                         FINDINGS OF FACT,
                                                                    CONCLUSIONS OF LAW AND
      Defendant.                                  ORDER FOR JUDGMENT
_____

At Minneapolis, Minnesota, this 12th day of May, 2010.

This adversary proceeding came on for trial before the undersigned on May 12, 2010. Bruce Crawford appeared on behalf of Plaintiff, Julie M. Kelley. Defendant, Kyle Patrick Nolan, appeared *pro se*. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1070-1. Moreover, this Court may hear and finally adjudicate this proceeding because its subject matter renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Based on the evidence, and all the files, records and proceedings herein, pursuant to Fed. R. Bankr. P. 7052, following the close of the evidence the Court orally stated and recorded in open court its findings of fact and conclusions of law. Accordingly,

    IT IS HEREBY ORDERED THAT:

1.     The $19,853.00 "cash equalizer" Defendant was ordered to pay Plaintiff via the family court's Judgment and Decree dated December 31, 2008 (the "Judgment and Decree"), in the parties' divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5);

2.     The $3,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg & Debele, the attorneys for Plaintiff in the parties' divorce proceeding, via the

Judgment and Decree, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5); and

3. The $4,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg & Debele, via the family court's August 24, 2009 Order in the parties' divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 12, 2010.

/e/ Nancy C. Dreher
_____
Nancy C. Dreher
Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 05/12/2010
Lori Vosejpka, Clerk, by KK